FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2005 JUL 20 PM 3: 26

CLERK_____
SO. DIST. OF GA.

CV405-122

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GULFSTREAM AEROSPACE CORPORATION, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. _____ |
| HOLLYWOOD AVIATION, INC., | ) ) ) |
| Respondent. | ) |

## PETITION FOR AN ORDER COMPELLING ARBITRATION

### CERTIFICATE OF INTERESTED PERSONS
### S.D. Ga. LR 3.2

The undersigned counsel of record for Petitioner Gulfstream Aerospace Corporation certifies that the following is a full and complete list of the parties in this action:

| Name | Identification and Relationship |
|---|---|
| Gulfstream Aerospace Corporation | Petitioner |
| Hollywood Aviation, Inc. | Respondent |

The undersigned counsel of record for Petitioner Gulfstream Aerospace Corporation certifies that the following is a full and complete list of officers, directors or trustees of the above-identified parties in this action:

For Gulfstream:

| Name | Identification and Relationship |
|---|---|
| Bryan T. Moss | Director and President |
| Ira P. Berman | Director, Senior Vice Pres., Administration General Counsel & Secretary |

| | |
|---|---|
| Larry R. Flynn | President, Product Support |
| Joseph T. Lombardo | Chief Operating Officer |
| Preston A. Henne | Senior Vice Pres. - Programs, Engineering & Test |
| Daniel G. Clare | Senior Vice Pres. - Finance & Planning |
| Monroe S. Sams, Jr. | Senior Vice Pres. - Government Programs & Sales |
| Raynor B. Reavis | Senior Vice Pres. - Marketing & Sales |
| Mark L. Burns | Vice Pres. - Customers |
| Gregory M. Byrnes | Vice Pres.- Sales & New Business Development, Aircraft Services |
| Daniel D. Nale | Vice Pres. - G100/G150/G200 Programs |
| Kurt Erbacher | Vice Pres. - Advanced Aircraft Programs |
| Richard L. Johnson | Vice Pres. - Engineering |
| William E. Skinner | Vice Pres. & Corporate Controller |
| Patricia N. Harrison | Vice Pres.- Service & Completions Finance |
| Dennis J. Stuligross | Vice Pres. - Savannah Operations & Final Phase Engineering |
| Charles Celli | Vice Pres. and General Manager, Dallas Facility |
| Barry D. Russell, Jr. | Vice Pres. and General Manager, Long Beach |
| Don Petersen | Vice Pres. and General Manager, Appleton |
| Daniel J. O'Malley | Vice Pres. and General Manager, Mexicali |

| | |
|---|---|
| Richard Van Thiel | Vice Pres. - Completion Design & Sales Support |
| Randy Gaston | Vice Pres. - Flight Operations |
| William G. Shira | Vice Pres. - Marketing & Sales Support |
| Jennifer Giffen-Vadersen | Vice Pres. - Human Resources |
| James McQueeney | Vice Pres. - Materials |
| Nicholas D. Lappos | Vice Pres. - Government Programs |
| David H. Fogg | Treasurer |
| Kelvin Mason | Chief Information Officer |
| Margaret N. House | Assistant Secretary |

For Hollywood (upon information and belief):

| Name | Identification and Relationship |
|---|---|
| Jeff Greene | President |

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

| Name | Identification, Relationship & Interests |
|---|---|
| General Dynamics | Parent Company of Petitioner |
| Oliver Maner & Gray LLP | Georgia Counsel for Petitioner |
| Backus, Bland & Weber LLP | California Counsel for Petitioner |
| Bailey & Partners | California Counsel for Respondent |

| | |
|---|---|
| Jet Global, Inc. | Defendant in California litigation |
| Corporate Fleet Services | Defendant in California litigation |

## PETITION UNDER 9 U.S.C. § 4

COMES NOW Gulfstream Aerospace Corporation, petitioner herein, and files this its Petition for an Order Compelling Arbitration pursuant to 9 U.S.C § 4.

## THE PARTIES

1. Petitioner Gulfstream Aerospace, Corp. ("Gulfstream" or "Petitioner") is a corporation duly incorporated under the laws of the state of Georgia, having its principal place of business in the state of Georgia.

2. Respondent, Hollywood Aviation, Inc. ("Hollywood" or "Respondent"), is a corporation duly incorporated under the laws of the state of California, having its principal place of business in the state of California. It may be served with service of process by means of serving Mr. Jeff Greene, an officer of Respondent, at 1800 North Argyle Avenue #400, Los Angeles, California 90028.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under 9 U.S.C. §§ 1, 2 and 4 and under 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.00.

4. A written contract was entered into between petitioner and respondent on or about November 17, 2004 ("the contract.") A copy of that contract is attached hereto as Exhibit 1 and made a part hereof by reference.

5. The contract evidences transactions in commerce within the meaning of 9 U.S.C. §§ 1

and 2.

6. Respondent, Hollywood Aviation, Inc., has submitted itself to the jurisdiction and venue of this Court by its agreement to submit any claim or controversy under its contract to arbitration in Savannah, Georgia.

## THE FACTS

7. The contract contains the following provision for resolving, by arbitration, any controversy arising out of the contract:

> Any controversy of claim between the parties arising out of or relating to this agreement, or the breach thereof, shall be governed by Georgia law and settled by arbitration in Savannah, Georgia by three (3) arbitrators under the Commercial Arbitration Rules of the American Arbitration Association ("AAA") and administered by the AAA. Each party shall appoint one (1) arbitrator. The two (2) arbitrators thus appointed shall choose the third arbitrator, who shall act as chairman. Any award issued under this paragraph shall be entitled to enforcement in any court having jurisdiction.

("the arbitration clause.")

8. A controversy has arisen under the contract and now exists as follows:

On or about May 10, 2005, respondent commenced a suit, as plaintiff, in the Superior Court of the State of California for the county of Los Angeles, Central District. ("the California state litigation.") A copy of that complaint including its exhibits is attached hereto as Exhibit 2.

9. On or about June 9, 2005, Gulfstream removed the California state litigation to the

United States District Court for the Central District of California ("the California federal litigation.)  A copy of the Notice of Removal is attached hereto as Exhibit 3.

10.  On or about June 17, 2005, Gulfstream timely answered in the California federal litigation.  A copy of that Answer is attached hereto as Exhibit 4.

11.  In that answer, Gulfstream timely asserted multiple affirmative defenses predicated upon the arbitration clause and requested that the California federal litigation be stayed pending resolution of these matters in arbitration in Savannah, Georgia.

12.  There are disputes of fact and arbitrable matters arising out of and related to the claimed breaches of the contract (and other causes of action) asserted in the California federal litigation.

13.  It is evident from the California federal litigation that respondent, despite its agreement to arbitrate, does not intend to arbitrate its disputes under the contract.

14.  Respondent intends, in violation of its undertaking, to proceed with its action against petitioner in the California federal litigation.

15.  On July 12, 2005 petitioner (through California counsel) made written demand upon respondent (through its California counsel) to dismiss the California federal litigation and  – to the extent respondent contends it has been wronged –  to proceed with arbitration of the controversy before the AAA in Savannah, Georgia as provided for in the contract.  A copy of that notice and demand is attached hereto as Exhibit 5.

16.  To date, respondent has declined to discontinue the California federal litigation and had declined to submit this matter to the AAA for an arbitration in Savannah, Georgia.

17.  In the same letter dated July 12, 2005, petitioner also provided formal written notice

6

of its intent to file the instant petition to compel arbitration. See Exhibit 5.

18. Respondent has failed and neglected, and continues to fail and neglect, to perform under the terms of the contract and to take any steps to submit this controversy to arbitration.

19. No previous application has been made for the Order or relief sought herein.

## PRAYER FOR RELIEF

WHEREFORE, petitioner prays that an order be made and entered:

a) directing that arbitration between the parties proceed in the manner provided for in the contract and that the issues raised by the respondent in the California federal litigation (and any other related matters) be determined by arbitration in accordance with the terms of the contract;

b) ordering the respondent to discontinue the prosecution of the California federal litigation until arbitration has been completed in Savannah, Georgia concerning the matters in dispute between the parties; and,

c) directing such other and further relief as to the Court may seem just and proper, together with the costs and disbursements of this petition.

[SIGNATURES CONTINUED ON NEXT PAGE]

This 20 day of July, 2005.

                                            OLIVER MANER & GRAY LLP

*/s/ James L. Pannell*
JAMES L. PANNELL
Georgia Bar No. 560950

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
Georgia Bar No. 596078
Attorneys for Petitioner
Gulfstream Aerospace,
Corporation

218 West State Street
Post Office Box 10186
Savannah, Georgia 31412
(912) 236-3311